Dear Mr. Buquoi:
Your request for an Attorney General's Opinion has been assigned to me for research and reply. You have asked for an opinion on the following questions:
 1. Can the Lafourche Basin Levee District continue to make payments of cash and in kind services on qualified projects located in St. Charles Parish after the 57% minimum requirement of La.R.S. 38:334 has been met with the expectation that those expenditures above the 57% minimum can be a credit against the following year's 57% requirement?
 2. Does the above procedure violate Section 14 of the state constitution which prohibits loans between governmental agencies?
 3. If the answer to Question 1 is yes, and the answer to Questions 2 is no, is an intergovernmental agreement necessary for the credit to be received?
 4. If the answers to Question 1 and Question 2 are no, can the Lafourche Basin Levee District and the St. Charles Parish government enter into an intergovernmental agreement for the services needed with St. Charles Parish agreeing to pay the Lafourche Basin Levee District out of its general fund?
Louisiana Revised Statute 38:334 provides, in pertinent part, the following:
 § 334. Revenue utilization; Lafourche Basin Levee District *Page 2 
 A. Of all the taxes collected by the Lafourche Basin Levee District from property located within the parish of Lafourche, and St. Charles Parish located west of the Mississippi River, not less than fifty-seven percent of the tax monies remaining after transfer of the funds required in R.S. 38:333(A) shall be expended for the purposes of levee construction, levee maintenance, and other flood control and drainage works within the parishes or portions of those parishes from which the taxes were collected. These expenditures shall be in cash or in-kind services as determined by the parish governing body. When such funds are expended within St. Charles Parish, in-kind services shall not exceed fifty percent of such expenditures. Expenditures shall be certified as received by the parish's governing body at the end of each fiscal year.
Your request indicates that as a general rule of practice, the Lafourche Basin Levee District usually meets the minimum 57% obligation of the statute prior to the end of the calendar year. Further, when the Lafourche Basin Levee District reaches the 57% minimum requirement before the end of the calendar year, the Board is faced with four (4) options:
 A. Option (1) is that the Board can suspend all work being done within the parish until the following year if it chooses to not exceed the 57% minimum.
 B. Option (2) is for the Board to continue the ongoing work projects and have the amount of expenditures above the 57% minimum subtracted as a credit against the next year's 57% minimum requirement.
 C. Option (3) is to continue work with no expectation of reimbursement.
 D. Option (4) is for the Lafourche Basin Levee District and the St. Charles Parish government to enter into an intergovernmental agreement for St. Charles Parish to pay the Lafourche Basin Levee District for all services rendered above the 57% minimum out of its general fund.
After review of La.Rev.Stat. 38:334, we are of the opinion that the 57% minimum requirement is a condition that must be satisfied each and every year. Accordingly, we believe that any expenditures above the 57% minimum cannot be used as a credit or off-set against the following year's 57% requirement. Louisiana Revised Statute 38:334 specifically provides that expenditures shall be certified as received by the parish's governing body "at the end of each fiscal year". Further, it is our understanding that all taxes collected by the Lafourche Basin Levee District are collected on a yearly basis. Therefore, it is likely the amount of monies collected from the assessment of taxes would change from year to year. As such, we believe the language of La.Rev.Stat. *Page 3 38:344 requires a certain minimum level of expenditure each year. Accordingly, we believe a credit or off-set against the following year's 57% requirement is not allowed.
Since the procedure outlined in Question (1) is not allowed, there is no need to address Questions (2) and (3). With respect to your fourth and final question, Louisiana Constitution Article VII, Section 14, provides the following:
 "§ Section 14. (A) Prohibited Uses. Except as otherwise provided by this constitution, the funds, credit, property, or things of value of the state or of any political subdivision shall not be loaned, pledged, or donated to or for any person, association, or corporation, public or private . . .'
 * * * (C) Cooperative Endeavors. For a public purpose, the state and its political subdivisions or political corporations may engage in cooperative endeavors with each other, with the United States or its agencies, or with any public or private association, corporation, or individual."
As quoted above, Paragraph (A) generally prohibits the loan, pledge, or donation of public funds. Paragraph (C) of Section 14 authorizes the state and its political subdivisions, to engage in cooperative endeavors for a public purpose with other governmental agencies, public or private associations and corporations and/or individuals. However, Paragraph (C) merely supplements the prohibition against donations contained in Paragraph (A). It does not create an exemption or exception from the general constitutional norm. In other words, the cooperative endeavor must meet the general standards for the non-gratuitous alienation of public funds established in Paragraph (A).
Recently, in The Board of Directors of the Industrial DevelopmentBoard of the City of Gonzales, Louisiana, Inc. v. All Taxpayers,property owners, citizens of the City of Gonzales, et al.[1], the Louisiana Supreme Court articulated a new standard for determining whether the provisions of Article VII, Section 14 have been violated. The new standard effectively holds that Section 14 is violated "only when the public funds or property are gratuitously alienated".
Whether public funds or property are "gratuitously alienated" ultimately depends on the facts and circumstances surrounding the proposed expenditure. As a general rule, the Attorney General's Office refrains from conducting factual evaluations. However, it is the opinion of this office that in order for a proposed expenditure of public funds to be *Page 4 
acceptable: 1) The state must have a reasonable expectation of receiving something of value in exchange for the proposed expenditure of public funds; 2) The non-gratuitous alienation of public funds must be for a public purpose and 3) It must create a public benefit proportionate to the value of public property or funds alienated or transferred.
Although we are the opinion that La.Rev.Stat. 38:344 does not allow for a credit or offset against the following year's 57% requirement, we do not believe La.Const. Art. VII, Sec. 14 prevents the Lafourche Basin Levee District and the St. Charles Parish government from entering into a cooperative endeavor agreement. As such, we believe the two entities may enter into an agreement, whereby St. Charles Parish agrees to pay the Lafourche Basin Levee District for all services rendered above the 57% minimum requirement.
From the information provided to this office, the expenditures at issue are payments of cash and in kind services of qualified projects located in St. Charles Parish over the 57% minimum requirement. Such projects would include levee construction, levee maintenance, and other flood control and drainage works. We believe such expenditures would clearly be undertaken for a public purpose and undoubtedly provide a public benefit. Although we are not in a position to determine whether the public benefit is proportionate to the contemplated expenditures, it is clear that the Lafourche Basin Levee District receives something of value in exchange for the contemplated expenditure and has the authority to make such expenditures. Accordingly, we are of the opinion that the Lafourche Basin Levee District and the St. Charles Parish government may enter into an intergovernmental agreement for the services needed.
We trust this adequately responds to your request. If you should have any questions about the response contained herein, please feel free to contact our office.
 Yours very truly, CHARLES C. FOTI, JR. Attorney General
 BY:___________ MICHAEL J. VALLAN Assistant Attorney General
 CCF, JR/MJV/crt
[1] 2006 WL 2548480 (La.), 2005-2298 (La. 9/6/06).